**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **WYOMING TECHNOLOGY LICENSING, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AMERICAN HONDA MOTOR CO., INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO.: 3:26-cv-01371-X**<br><br>**JURY TRIAL DEMANDED** |

# AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wyoming Technology Licensing, LLC ("Plaintiff" or "WTL") files this amended complaint against American Honda Motor Co., Inc. ("AHM") for infringement of U.S. Patent Nos. 9,505,343 and 10,046,696, and alleges as follows:

## PARTIES

1. Plaintiff is a Wyoming limited liability company with a principal place of business at 1712 Pioneer Ave., Ste 100, Cheyenne, WY 82001.

2. On information and belief, Defendant is a publicly traded corporation organized under the laws of the State of California, with a principal place of business at 1919 Torrance Boulevard, Torrance, CA 90501. AHM is responsible for manufacturing, sales, offers for sale, marketing, importation, and distribution of automotive vehicles from AHM-managed brands (including Volkswagen) in the United States, including this District. Defendant may be served through its registered agent in the State of Texas at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas. Defendant transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement of WTL's patents in this District and elsewhere in the State of Texas.

6. Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its products and services in the State of Texas and in this District. Defendant has purposefully and voluntarily made its business products and services, including the infringing systems, available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and/or used by consumers in this District.

7. On information and belief, Defendant maintains physical brick-and-mortar business locations in the State of Texas and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District. Such places of business include a place of business at 4525 W Royal Lane, Irving, TX 75063. *See* Fig. 1 below.




Figure 1
Source: Google Maps

8. Venue is proper in the Northern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District.

**PATENTS-IN-SUIT**

9. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 9,505,343 (hereinafter "the '343 Patent") and U.S. Patent No. 10,046,696 (hereinafter "the '696 Patent"). The '343 and '696 Patents are collectively referred to herein as the "Asserted Patents."

10. The patent applications that issued as the '343 and '696 Patents are each continuations of the patent application that issued as U.S. Patent No. 7,482,916 (hereinafter "the '916 Patent"). Thus, the '343, '696 and '916 Patents share a common specification.

11. The'343 Patent is attached as **Exhibit A**, the '696 Patent is attached as **Exhibit B**, and the '916 Patent is attached as **Exhibit C**.

12. The Asserted Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

13. Plaintiff possesses all rights of recovery under the Asserted Patents, including the exclusive right to recover for past, present and future infringement.

14. The '343 Patent contains nineteen claims including three independent claims and sixteen dependent claims.

15. The '696 Patent contains nineteen claims including four independent claims and fifteen dependent claims.

16. The priority date of the Asserted Patents is at least as early March 15, 2004. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

17. Plaintiff alleges infringement on the part of Defendant of the Asserted Patents.

18. As noted, the claims of the Asserted Patents have a priority date at least as early as March 15, 2004. The inventions as claimed solve long standing problems in vehicle accident avoidance and safety systems that existed in the art as of the date of invention.

19. In particular, many accident avoidance systems as of the date of the invention were difficult and costly to implement. In addition, the effectiveness of those systems depended on the accuracy and reliability of the system detecting the hazardous condition. *See* '916 Patent at 1:36-48. Further, an accurate and reliable hazard recognition system was difficult to implement because it was almost impossible to account for all possible hazards. Also, hazard recognition systems were expensive to test. *Id*. at 1:49-52.

20. The claims of the Asserted Patents overcome these deficiencies existing in the art as of the date of invention, and comprise non-conventional, novel, technical approaches that transform the inventions as claimed into substantially more than mere abstract ideas.

21. For example, the inventions as claimed provide an automatic signaling system that is configured to automatically activate a turn signal light based on a signal received from a sensor. *See* '916 Patent at 2:46-52. The sensors can include optical sensors for capturing images of the road or images of objects around the vehicle, as well as sensors for sensing a condition of an environment in which the vehicle is traveling. *Id.* at 4:60-65; 14:47-56; 19:3-11.

22. The claims of the Asserted Patents are not drawn to laws of nature, natural phenomena, or abstract ideas. To the contrary, the claims of the Asserted Patents are directed to, for example, a physical machine with a processor, one or more sensors, and an output coupled to a vehicle's turn signal indicators. The processor receives sensor signals, determines the vehicle's spatial relationship to a lane boundary or to other objects in the vicinity of the vehicle, and automatically activates or controls the turn signal indicators or other component of the vehicle when a prescribed condition or conditions are met. The specific combinations of elements, as recited in the claims, were not conventional or routine at the time of the invention.

23. The improvements disclosed in the Asserted Patents and the feature recitations in the claims of the Asserted Patents are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

24. The '343 Patent was examined by Primary United States Patent Examiner Daryl C. Pope. During the examination of the '343 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: B60Q 1/346 (2013.01); B60Q 1/34 (2013.01); B60Q 1/343 (2013.01); B60Q 1/40 (2013.01); and B60Q 2900/30 (2013.01).

25. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’343 Patent to issue. In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’343 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’343 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

26. The claims of the ’343 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

27. The claims of the ’343 Patent expired on January 28, 2025.

28. The ’696 Patent was examined by Primary United States Patent Examiner Daryl C. Pope. During the examination of the ’696 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: B60Q 1/346 (2013.01); B60Q 1/34 (2013.01); B60Q 1/343 (2013.01); B60Q 1/40 (2013.01); and B60Q 2900/30 (2013.01).

29. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’696 Patent to issue. In so doing, it is presumed that Examiner Pope used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Pope had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’696 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’696 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Pope.

30. The claims of the ’696 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an

action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

31. The claims of the ’696 Patent expired on January 28, 2025.

## ACCUSED INSTRUMENTALITIES

32. Upon information and belief, Defendant sells, advertises, offers for sale, uses, and/or otherwise provides the AcuraWatch 360 system, a driver-assistance system for its Acura MDX vehicle. The AcuraWatch 360 system includes an Active Lane Change Assist functionality that automatically controls steering and adjusts vehicle speed to perform a lane change maneuver when the driver engages and holds the turn signal lever of the vehicle until a single tone is heard, corresponding to a partially actuated position, while having both Adaptive Cruise Control (ACC) and the Lane Keeping Assist System (LKAS) turned on. The foregoing are hereinafter referred to as the “Accused Instrumentalities.” Under normal driving conditions, the vehicle is operated manually by the driver. Upon the driver's indication of a lane change using the turn signal lever partway, the AcuraWatch 360 system activates the Active Lane Change Assist functionality and evaluates the surrounding environment using onboard sensors. If conditions are suitable, the AcuraWatch 360 system temporarily takes control of specific vehicle operations, including steering and speed, to perform the lane change. Once the maneuver is completed, control of the vehicle is returned to the driver The foregoing are hereinafter referred to as the “Accused Instrumentalities.”

## COUNT ONE
## (Infringement of United States Patent No. 9,505,343)

33. Plaintiff refers to and incorporates the allegations in Paragraphs 1-32, the same as if set forth herein.

34. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

35. Defendant has knowledge of its infringement of the '343 Patent, at least as of the service of the present complaint.

36. Accordingly, Defendant has infringed the '343 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed one or more claims, including at least Claim 1 of the '343 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit D**) the Accused Instrumentalities.

37. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '343 Patent, by having its employees internally test and use the Accused Instrumentalities.

38. **Exhibit D** includes at least one chart comparing the exemplary Claim 1 of the '343 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '343 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 1 of the '343 Patent.

39. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit D**.

40. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

41. The '343 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42. A copy of the '343 Patent is attached hereto as **Exhibit A**.

43. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’343 Patent, pursuant to 35 U.S.C. § 271.

44. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’343 Patent, without license or authorization.

45. As a result of Defendant’s infringement of the ’343 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

46. Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT TWO**
**(Infringement of United States Patent No. 10,046,696)**

47. Plaintiff refers to and incorporates the allegations in Paragraphs 1-46, the same as if set forth herein.

48. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

49. Defendant has knowledge of its infringement of the ’696 Patent, at least as of the service of the present complaint.

50. Accordingly, Defendant has infringed the ’696 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed one or more claims, including at least Claim 1 of the ’696 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibit E**) the Accused Instrumentalities.

51. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the ’696 Patent, by having its employees internally test and use the Accused Instrumentalities.

52. **Exhibit E** includes at least one chart comparing the exemplary Claim 1 of the ’696 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’696 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 1 of the ’696 Patent.

53. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit E**.

54. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

55. The ’696 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

56. A copy of the ’696 Patent is attached hereto as **Exhibit B**.

57. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’696 Patent, pursuant to 35 U.S.C. § 271.

58. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’696 Patent, without license or authorization.

59. As a result of Defendant’s infringement of the ’696 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

60. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

61. WTL, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(c) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: June 8, 2026

Respectfully Submitted,

*/s/ René A. Vazquez*
René A. Vazquez
*Pro Hac Vice*
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(703) 989-2244

Joseph J. Zito
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
jzito@dnlzito.com
(202) 466-3500

Benjamin Deming
TX 24091778
**DNL Zito**
3232 McKinney Ave, Suite 500
Dallas, Texas 75204
214-799-1145
bdeming@dnlzito.com

**COUNSEL FOR PLAINTIFF**